# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Weichert Company
of Virginia

v.

Anthony Dunkwu

v.

Anesthesia Plus, Inc.

January 26, 2007

Case Nos. CL05001247, CL06002176

BY JUDGE JOHN E. KLOCH

On December 27, 2006, this Court took under advisement the Third-Party Defendant's ("Anesthesia") Demurrer to the Cross-Motion for Judgment filed by Third-Party Plaintiff.

On or about November 21, 2002, Anesthesia obtained a judgment against Dunkwu in a matter unrelated to the present case. Two years later, Dunkwu paid the balance on the judgment. Despite repeated requests from Dunkwu, Anesthesia would not mark the judgment satisfied. Dunkwu contends, because of Anesthesia's failure to mark the judgment as satisfied, Dunkwu was unable to close on a real estate transaction and, as a result, was sued by Plaintiff in the present case ("Weichert") for unrealized brokerage commissions.

Dunkwu argues, by neglecting to mark the paid-off judgment as satisfied, Anesthesia's acted negligently. Anesthesia demurs, arguing Dunkwu's remedy is statutory, as there is no common law cause of action for neglecting to mark a satisfied judgment satisfied. Anesthesia also argues, even if a common law cause of action exists, it is contributory negligence because

2

Dunkwu did not avail himself of the statutory remedy or the supposed common law cause of action is time barred because Dunkwu waited over two year to allege wrongdoing.

The statutory remedy that Anesthesia relies upon is understood by reading Va. Code §§ 8.01-454 and 8.01-455 together. Virginia Code § 8.01-454, titled "Judgment, when paid, to be so noted by creditor" provides, in pertinent part:

> In all cases in which payment or satisfaction of any judgment so docketed is made, which is not required to be certified to the clerk under § 8.01-455, it shall be the duty of the judgment creditor, himself, or by his agent or attorney, to cause such payment or satisfaction by the defendant, whether in whole or in part . . . to be entered within thirty days after the same is made, on such judgment docket. . . .
>
> For any failure to do so, after ten days' notice to do so by the judgment debtor, his agent or attorney, the judgment creditor shall be liable to a fine of up to fifty dollars.

Virginia Code § 8.01-455, titled "Court, on motion of defendant, etc., may have payment of judgment entered" provides, in pertinent part:

> A defendant in any judgment . . . may, on motion, after ten days' notice thereof to the plaintiff in such judgment . . . apply to the court in which the judgment was rendered, to have the same marked satisfied, and upon proof that the judgment has been paid off or discharged, such court shall order such satisfaction to be entered. . . .
>
> The cost of such proceedings, including reasonable attorney's fees, may be ordered to be paid by the plaintiff.

Dunkwu contends § 8.01-455 is permissive, not mandatory. Accordingly, the statute does not preclude Dunkwu from suing Anaesthesia for negligence.

Ordinarily, a judgment is not conclusive of the rights of the parties which accrue subsequent to the rendition of that judgment, although upon the same subject matter. *Groh v. B. F. Saul REIT*, 224 Va. 156, 159, 294 S.E.2d 859 (1982) (*citing Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955)). Nonetheless, despite the mention of "duty" in Va. Code § 8.01-455, that duty has never been interpreted to impose

an obligation on a satisfied creditor which can by remedied by an action in tort. In Virginia, there is no common law cause of action for negligently failing to mark a judgment satisfied.

Dunkwu's remedy, and Anesthesia's liability, is statutory. Even though Anesthesia neglected to mark Dunkwu's judgment satisfied, Dunkwu neglected to avail himself of the statutory remedy. Dunkwu cannot now create a new cause of action to rectify his unwillingness to follow Va. Code § 8.01-455.

Accordingly, Anesthesia's Demurrer to Dunkwu's Cross Motion for Judgment is sustained.